UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
NATANAEL DE LA ROSA, individually and on
behalf of all others similarly situated,

                Plaintiff,

v.

TECH NETWORK, INC.

                Defendant.
-------------------------------------------------------

Case No.: 2:24-cv-8356

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff NATANAEL DE LA ROSA ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, VALLI KANE & VAGNINI LLP, brings this action for damages and other legal and equitable relief against Defendant TECH NETWORK, INC. for violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.*; the New York Labor Law ("NYLL"); the New York Codes, Rules and Regulations ("NYCRR"); and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

    1.    This is a putative collective and class action brought by Plaintiff challenging acts committed by Defendant against Plaintiff and those similarly situated, which amount to violations of federal and state wage and hour laws.

    2.    Defendant is a contractor for Altice USA, Inc. (d/b/a/ Optimum) ("Altice") and provides fiber optic cable and other related installation services for Altice.

    3.    Defendant employed Plaintiff and all other persons similarly situated as Cable Installers/Technicians (collectively, the "Technicians") to perform fiber optic cable installations for Altice.

4. Defendant classified the Technicians as independent contractors and paid them a piece rate for each type of job they performed, which did not include an overtime premium for all hours worked in excess of 40 per week. It also made deductions from their pay for speeding and for use of their vehicles. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on behalf of himself and a collective of Technicians who are and were employed by Defendant as Cable Installers/Technicians within the State of New York during the past three (3) years through the final date of the disposition of this action who were not paid the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek and are entitled to recover: (i) unpaid overtime wages; (ii) liquidated damages; (iii) attorneys' fees and costs; and (iv) such other and further relief as this Court finds necessary and proper.

5. Plaintiff additionally brings this action pursuant to Fed. R. Civ. P. 23, on behalf of himself and a class of persons within the State of New York during the past six (6) years through the final date of the disposition of this action who were: (i) not paid the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek; (ii) not paid New York State's minimum wage for all hours worked; (iii) had their wages unlawfully deducted; (iv) not paid the "spread of hours" pay for each day worked in excess of ten (10) hours; and/or (iv) not issued the proper wage statements pursuant to the NYLL, which violates the NYLL and the NYCRR and are entitled to recover: are entitled to recover: (i) unpaid overtime wages; (ii) unpaid minimum wages; (iii) improperly deducted wages; (iv) unpaid "spread of hours" pay; (v) liquidated damages; (vi) penalties; (vii) interest; (viii) attorneys' fees and costs; and (ix) such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States.

7. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201 *et seq.*, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains facilities, conducts business, and resides in this district.

8. The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

## THE PARTIES

9. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, the NYLL, and the NYCRR.

10. Upon information and belief, Defendant is a privately owned corporation organized under the laws of the State of Pennsylvania and has its corporate headquarters located in Sayreville, New Jersey.

11. Defendant transacted and continues to transact business in New York and within New York County by employing Plaintiff and all those similarly situated as Technicians and operating facilities within New York, including within Farmingdale, New York.

12. Defendant has at all relevant times been an "employer" covered by the FLSA, the NYLL, and the NYCRR.

13. Upon information and belief, the amount of qualifying annual volume of business for Defendant exceeds $500,000.00 and thus subjects Defendant to the FLSA.

14. Upon information and belief, Defendant is engaged in interstate commerce, independently subjecting Defendant to the FLSA.

## STATEMENT OF FACTS

15. Defendant is a contractor for Altice who provides cable installation and other services for Altice.

16. Plaintiff applied for a Cable Installer/Technician position on Indeed.com with Defendant. The job posting listed the following:

Cable Installer

Overview:
Join our team as a Cable Installer and become an essential part of our network infrastructure projects. As a Cable Installer, you will play a critical role in installing, maintaining, and troubleshooting various cable systems to ensure uninterrupted connectivity for our clients.

Responsibilities:
- Install, troubleshoot, and maintain diverse cable systems such as Ethernet, low voltage, and telecommunication cables.
- Perform network installations involving the configuration of Cisco routers and switches.
- Conduct on-site visits to customer locations for cable installation and maintenance tasks.
- Splice fiber optic cables and conduct comprehensive testing to ensure optimal performance.
- Utilize a range of hand tools including drills, crimpers, and cable cutters for efficient installations.
- Collaborate closely with team members to ensure projects are completed on time while upholding high-quality standards.
- Provide exceptional customer service by addressing inquiries and resolving issues promptly.

Experience:
- Proficiency in cabling techniques and practices.
- Familiarity with Cisco routers and network installation procedures.

- Knowledge of Ethernet, low voltage systems, computer networking, and telecommunication principles.
- Understanding of mechanical concepts related to cable installation.
- Basic electrical knowledge for safe handling during installations.
- Experience in field service operations is advantageous.

If you have a solid technical background in cabling, excellent problem-solving skills, and a customer-centric approach, we encourage you to apply for this exciting opportunity. Join us in ensuring reliable connectivity for our clients' networks!

Job Type: Full-time

Pay: $1,300.00 - $1,600.00 per week

Schedule:

- Day shift
- Evenings as needed
- Evening shift
- Holidays
- Monday to Friday
- Morning shift
- Weekends as needed

Language:

- English and Spanish (Required)

17. On or around August 6, 2024, Plaintiff was hired and he began his employment for Defendant as a Technician.

18. Plaintiff worked out of Defendant's location in Farmingdale, New York.

19. Plaintiff's and the Technicians' job duties included installing fiber optic cable from streets to residential homes and businesses. Plaintiff and the Technicians also installed modems, routes, and streaming devices on televisions for Altice's customers.

20. For the first three days, Plaintiff was trained on how to perform his job duties by his Manager, Brian (last name unknown).

21. Thereafter, Plaintiff shadowed two other Technicians for approximately five days to learn how to perform the job in the field.

22. Plaintiff was not compensated for his time spent training or shadowing the other Technicians.

23. Plaintiff was not compensated anything for his time spent training or shadowing because he and the Technicians were paid a piece rate for the work they performed. For example, Defendant paid them $62.98 for each home they installed fiber cable for.

24. The piece rate was the same for each type job they performed and did not change depending on the difficulty or length of time to complete the task.

25. Plaintiff and the Technicians worked approximately four to five days per week and 10 or more hours per day.

26. Plaintiff and the Technicians worked over 40 hours per week.

27. Defendant did not pay Plaintiff and the Technicians overtime for their time worked in excess of 40 hours per week.

28. For example, during the workweek of September 22, 2024, Plaintiff worked approximately 55 hours but did not receive any overtime compensation for the hours that he worked in excess of 40.

29. Defendant also did not pay Plaintiff and Technicians "spread of hours" pay for each day worked in excess of 10 hours.

30. Additionally, Defendant failed to pay Plaintiff and the Technicians the New York State's minimum hourly rate for all hours worked per week.

31. For example, during the workweek of September 22, 2024, Plaintiff worked approximately 55 hours. He was paid approximately $620.05 for this workweek or an hourly rate

of $11.27, which is well below New York State's minimum and did not include an overtime premium for each hour worked in excess of 40.

32. Instead, they were only paid their piece rate, which did not include an overtime premium and "spread-of-hours" pay.

33. Defendant did not pay overtime of "spread of hours" pay because it improperly classified them as independent contractors.

34. Defendant, however, set the schedules for Plaintiff and Technicians. Specifically, it issued the work locations to them each morning and required them to be at the first work location by 8:15 am. Plaintiff and Technicians could not reject work and were required to complete all assigned work each day. They were subject to and were reprimanded if they were late or did not complete the work.

35. Plaintiff and the Technicians were not permitted to select what jobs they performed and were not permitted to set their own schedule.

36. Defendant had the power to hire and fire the Technicians. For example, Defendant hired Plaintiff and terminated him for performance and not adhering to its schedule.

37. Defendant required Plaintiff and the Technicians to undergo drug testing prior to their hiring.

38. Defendant provided Plaintiff and the Technicians with tools and equipment. For example, Defendant issued them the fiber optic cables to install, ladders, routers to install, TV streaming devices to install, Wi-Fi extenders to install, silicone, zip ties, hard hats, and vests.

39. Defendant issued Plaintiff and the Technicians an identification card that had its logo affixed to it.

40. Defendant maintained Plaintiff's and the Technicians' employment records and kept logs of the work they performed and their pay on a website styled technet.ossimview.com.

41. Defendant set Plaintiff's and the Technicians' rate of pay for the jobs they performed.

42. Plaintiff and the Technicians did not require any specialized skill, training, or independent initiative. For example, Defendant trained Plaintiff and the Technicians on how to perform their job duties and how it wanted them to perform their job duties. The training period was only approximately two weeks, which included one week of formal training and another week of on-the-job shadowing.

43. Plaintiff had no prior experience installing cable prior to being hired by Defendant.

44. Plaintiff's Technicians' work was an integral part of Defendant's business as they performed cable installations, which Defendant was contracted by Altice to perform.

45. Plaintiff and the Technicians did not have an opportunity for profit or loss in Defendant's business. Their pay was dependent on Defendant obtaining business from Altice and the installation jobs they were assigned directly by Defendant. Plaintiff and the Technicians could not obtain installation jobs on their own.

46. Plaintiff and the Technicians were not hired for a specific term or job. Like an at-will employee, they continued to be employed by Defendant until either they resigned or were terminated. Thus, their job was permanent and the duration was lengthy assuming they did not resign or were terminated.

47. Due to their mandatory work schedule, it was difficult for Plaintiff and the Technicians to work for other employers simultaneously.

48. Accordingly, Defendant misclassified Plaintiff and the Technicians as independent contractors entitling them to overtime pay, minimum wages, and spread of hours pay.

49. Lastly, the paycheck Defendant issued Plaintiff and the Technicians did not include the number of overtime hours worked and the number of days in which they worked beyond 10 hours. Defendant's failure to issue a wage statement that included the foregoing prevented Plaintiff and the Technicians from being notified that they were being deprived of overtime and "spread of hours" pay and to be able to seek recovery of the unpaid wages.

50. Defendant's failure to include a statement of the overtime hours worked and the number of days in which they worked beyond 10 hours violated NYLL § 195.

## FLSA COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff seeks to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on his own behalf as well as those in the following Collective:

> All Cable Installers/Technicians employed by Defendant within the State of New York during the past three (3) years through the final date of disposition of this action, who are or were required to work in excess of forty (40) hours per workweek without compensation at the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek.

52. At all relevant times, Plaintiff was similarly situated to all such individuals in the FLSA Collective[1] because, while employed by Defendant, Plaintiff and all FLSA Plaintiffs performed similar tasks, were subject to the same laws and regulations, were paid in the same or substantially similar manner, were paid the same or similar rate, were required to work in excess of forty (40) hours per workweek and were subject to Defendant's policies and practices of willfully failing to pay them at the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek.

---

[1] Hereinafter referred to as the "FLSA Plaintiffs."

9

53. Defendant is and has been aware of the requirement to pay Plaintiff and the FLSA Plaintiffs at a rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek, yet willfully choose not to.

54. The FLSA Plaintiffs, are readily discernable and ascertainable. All FLSA Plaintiffs' contact information is readily available in Defendant's records. Notice of this collective action can be made as soon as the Court determines it appropriate to do so.

55. The number of FLSA Plaintiffs in the collective are too numerous to join in a single action, necessitating collective recognition.

56. All questions relating to Defendant's violation of the FLSA share a common factual basis as set forth herein. No claims under the FLSA relating to Defendant's failure to pay the statutorily required rate of one and a half (1½) times the FLSA Plaintiffs' hourly rate for all hours worked in excess of forty (40) per workweek are specific to Plaintiff and the claims asserted by Plaintiff are typical of those of members of the FLSA Collective.

57. Plaintiff will fairly and adequately represent the interests of the FLSA Collective and have no interests conflicting with the FLSA Collective.

58. A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

59. Plaintiff's attorneys are familiar and have experience with collective and class action litigation, as well as employment and labor law litigation.

60. The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual FLSA Plaintiffs creates a risk for varying

results based on identical fact patterns as well as disposition of the collective's interests without their knowledge or contribution.

61. The questions of law and fact are nearly identical for all FLSA Plaintiffs and therefore proceeding as a collective action is ideal. Without judicial resolution of the claims asserted on behalf of the proposed collective, Defendant's continued violations of the FLSA will undoubtedly continue.

## FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

62. Plaintiff seeks to maintain this action as a class action pursuant to FED. R. CIV. P. 23, on behalf of those who, during the previous six (6) years, were subjected to violations of the NYLL and the NYCRR.

63. The Class which Plaintiff seeks to define includes:

> All Cable Installers/Technicians employed by Defendant during the past six (6) years through the final date of disposition of this action, who are or were: (i) not paid the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek; (ii) not paid New York's minimum rate for all hours worked per week; (iii) had their wages unlawfully deducted; (iv) not paid the "spread of hours" pay for each day worked in excess of ten (10) hours; and/or (v) not issued the proper wage statements pursuant to the NYLL.

64. The number of class members protected by the NYLL and the NYCRR who have suffered under Defendant's violations of the NYLL and the NYCRR as set forth herein, are in excess of forty (40) and thus are too numerous to join in a single action, necessitating class recognition.

65. All questions relating to the Class's allegations under the NYLL and the NYCRR share a common factual basis with those raised by the claims of Plaintiff. No claims asserted herein

under the NYLL and the NYCRR are specific to Plaintiff or any proposed Class member and the claims of Plaintiff are typical of those asserted by the proposed Class.

66. Plaintiff will fairly and adequately represent the interests of all members of the proposed Class.

67. A class action is superior to all other methods of adjudication and is necessary in order to fairly and completely litigate the Class's allegations that Defendant violated the NYLL and the NYCRR.

68. The class members of the proposed Class are readily discernable and ascertainable. Contact information for all members of the proposed Class[2] is readily available from Defendant since such information is likely to be contained in their personnel files. Notice of this class action can be provided by any means permissible under the FED. R. CIV. P. 23 requirements.

69. Plaintiff asserts these claims on his own behalf as well as on behalf of the NYLL Plaintiff through his attorneys who are experienced in class action litigation as well as employment litigation.

70. Plaintiff is able to fairly represent and properly protect the interests of the absent members of the proposed Class and have no interests conflicting with those of the Class.

71. The public will benefit from this case being brought as a class action because it serves the interests of judicial economy by saving the Court's time and effort and by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual NYLL Plaintiffs creates a risk of varying results based on identical fact patterns as well as disposition of the classes' interests without their knowledge or contribution.

---

[2] Hereinafter referred to as the "NYLL Plaintiffs."

72. Because of the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiff's willingness to proceed against Defendant. The anonymity inherent in a class action suit further provides insulation against retaliation and/or undue stress and fear for the NYLL Plaintiffs' jobs and continued employment.

73. The questions of law and fact that are nearly identical for all class members make proceeding as class action ideal. Without judicial resolution of the claims asserted on behalf of the proposed Class, continued violations of the NYLL and the NYCRR will undoubtedly continue.

74. Whether Plaintiff and the NYLL Plaintiffs were: (i) paid the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek; (ii) paid at or above New York State's minimum rate; (iii) subject to unlawful wage deductions; (iv) paid the "spread of hours" pay for each day worked in excess of ten (10) hours; and/or (v) issued the proper wage statements pursuant to the NYLL are common questions which can readily be resolved through the class action process.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
The Fair Labor Standards Act, 29 U.S.C. § 207
Made by Plaintiff on Behalf of All FLSA Plaintiffs
(Failure to Pay Overtime)

75. Plaintiff and the FLSA Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

76. Throughout the period covered by the applicable statute of limitations, Plaintiff and other FLSA Plaintiffs were required to work and did in fact work in excess of forty (40) hours per workweek.

77. Throughout the period covered by the applicable statute of limitations, Defendant knowingly failed to pay Plaintiff and the FLSA Plaintiffs the statutorily required overtime rate for all hours worked in excess of forty (40) per workweek.

78. Defendant's conduct was willful and lasted for the duration of the relevant time period.

79. Defendant's conduct was in violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
**The New York Labor Law and the New York Codes, Rules, and Regulations § 142-1.4
Made by Plaintiff on Behalf of NYLL Plaintiffs
(Failure to Pay Overtime)**

80. Plaintiff and the NYLL Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

81. Throughout the period covered by the applicable statute of limitations, Plaintiff and other NYLL Plaintiffs were required to work and did in fact work in excess of forty (40) hours per workweek.

82. Throughout the period covered by the applicable statute of limitations, Defendant knowingly failed to pay Plaintiff and the NYLL Plaintiffs the statutorily required overtime rate for all hours worked in excess of forty (40) per workweek.

83. Defendant's conduct was willful and lasted for the duration of the relevant time period.

84. Defendant's conduct was in violation of the New York Labor Law and the New York Codes, Rules, and Regulations § 146-1.4.

## AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
### The New York Labor Law § 652
### Made by Plaintiff of NYLL Plaintiffs
### (Failure to New York State Minimum Wage)

85. Plaintiff and the NYLL Class Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

86. Throughout the period covered by the applicable statute of limitations, Defendant failed to pay Plaintiff and the NYLL Class Plaintiffs New York State's applicable minimum wage for all hours worked per week.

87. Defendant's conduct was willful and lasted for the duration of the relevant time period.

88. Defendant's conduct was in violation of the New York Labor Law § 652.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### The New York Labor Law § 193
### Made by Plaintiff on Behalf of NYLL Plaintiffs
### (Deduction of Wages)

251. Plaintiff and the NYLL Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

252. Throughout the period covered by the applicable statute of limitations, Defendant paid Plaintiff and the NYLL Plaintiff a piece rate for the work they performed.

253. Throughout the period covered by the applicable statute of limitations, Defendant withheld some or all of Plaintiff's and the NYLL Plaintiffs' wages for equipment and as penalties.

254. Throughout the period covered by the applicable statute of limitations, Defendant unlawfully deducted Plaintiff's and other NYLL Plaintiffs' wages.

255. Defendant's conduct was willful and lasted for the duration of the relevant time period.

256. Defendant's conduct was in violation of the New York Labor Law § 193.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF
**The New York Labor Law and the New York Codes, Rules, and Regulations § 142-2.4
Made by Plaintiff on Behalf of All NYLL Plaintiffs
("Spread of Hours" Pay)**

257. Plaintiff and the NYLL Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

258. Throughout the relevant time period, Plaintiff and the NYLL Plaintiffs worked in excess of ten (10) hours per day.

259. Plaintiff and the NYLL Plaintiffs were/are entitled to "spread of hours" pay for each day worked in excess of ten (10) hours.

260. Defendant knowingly failed to pay Plaintiff and the NYLL Plaintiffs the "spread of hours" pay for each day worked in excess of ten (10) hours.

261. Defendant's conduct was willful and lasted for the duration of the relevant time period.

262. Defendant's conduct was in violation of the New York Labor Law and the New York Codes, Rules, and Regulations § 142.2.4.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF
**The New York Labor Law § 195
Made by Plaintiff on Behalf of All NYLL Plaintiffs
(Failure to Provide Proper Wage Statements)**

263. Plaintiff and the NYLL Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

264. Pursuant to the NYLL, employers are required to furnish employees with every payment of wages a statement that includes, among other things, their overtime rate or rates of

pay, the accurate number of regular hours worked, the accurate number of overtime hours worked, and its telephone number.

265. Throughout the relevant time period, Defendant's knowingly failed to provide Plaintiff and the NYLL Plaintiffs with the required wage statements a pursuant to NYLL.

266. Defendant's conduct was willful and lasted for the duration of the relevant time period.

267. Defendant's conduct was in violation of New York Labor Law § 195.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and all Collective and Class Plaintiffs demand judgment against Defendant as follows:

A. At the earliest possible time, Plaintiff should be allowed to give notice of the purported Collective, or the Court should issue such notice, to all members of the purported Collective, defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages and/or benefits;

B. Designation of Plaintiff as representative of the FLSA Collective defined herein, and Plaintiff's counsel as Collective Counsel;

C. Designation of Plaintiff as representative of the Fed. R. Civ. P. Class defined herein, and Plaintiff's counsel as Class Counsel;

D. Certification of this action as a collective action pursuant to 29 U.S.C. § 216(b) for the purposes of the claims brought on behalf of all proposed FLSA Collective members under the FLSA;

E. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 for the purposes of the claims brought on behalf of all proposed Class members under the NYLL and the NYCRR;

F. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

G. A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law, and the New York Codes, Rules and Regulations;

H. All damages which Plaintiff and all Collective and Class Plaintiffs have sustained as a result of Defendant's conduct, including: (i) back pay for unpaid overtime, unpaid minimum, unlawfully deducted wages, and unpaid "spread of hours" pay; (ii) liquidated damages, and (iii) penalties;

I. An award to Plaintiff and all Collective and Class Plaintiffs representing Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

J. Awarding Plaintiff and all Collective and Class Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

K. Pre-judgment and post-judgment interest, as provided by law; and

L. Granting Plaintiffs and all Collective and Class Plaintiffs other and further relief as this Court finds necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.

Dated:     December 5, 2024
           Garden City, New York

                                        Respectfully submitted,

                                        /s/ *Robert J. Valli, Jr.*
                                        Robert J. Valli, Jr., Esq.
                                        Alexander M. White, Esq.
                                        **Valli Kane & Vagnini LLP**
                                        600 Old Country Road, Suite 519
                                        Garden City, New York 11530
                                        T: (516) 203-7180
                                        F: (516) 706-0248

                                        *Attorneys for Plaintiffs*